# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HANS LAKE,<br><br>                                Plaintiff,<br><br>     vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                              Defendants. | Case No. 19cv1558-MMA (RBM)<br><br>**ORDER GRANTING DEFENDANT COUNTY OF SAN DIEGO'S UNOPPOSED MOTION TO DISMISS;**<br><br>[Doc. No. 11]<br><br>**ORDERING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE REMAINING DEFENDANT UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(m)** |

     Plaintiff Steven Hans Lake, while detained at the San Diego County Sheriff Department's George Bailey Detention Facility ("GBDF") located in San Diego, California, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants County of San Diego and the GBDF Medical Director, alleging violation of his constitutional right to adequate medical care. *See* Doc. No. 1. Defendant County of San Diego moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 11. To date, Plaintiff has not filed a response in

1

opposition to the motion. For the reasons set forth below, the Court **GRANTS** Defendant County of San Diego's unopposed motion. The Court further **ORDERS** Plaintiff to show cause why this action should not be dismissed as to Defendant GBDF Medical Director for failure to serve this defendant with the summons and complaint pursuant to Federal Rule of Civil Procedure 4(m).

## MOTION TO DISMISS

Defendant County of San Diego moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant filed its motion on November 6, 2019, and the Court set the motion for administrative hearing on December 23, 2019. As such, Plaintiff's opposition to the motion was due on or before December 9, 2019. *See* SD CivLR 7.1.e.2. To date, Plaintiff has not submitted a response in opposition to the motion, nor has he requested an extension of time in which to do so.

As set forth in this District's Civil Local Rules, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." SD CivLR 7.1.f.3.c. The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). The Court has the option of granting Defendant's motion on the basis of Plaintiff's failure to respond, and it chooses to do so.

Accordingly, the Court **GRANTS** Defendant County of San Diego's motion to dismiss and **DISMISSES** this action as to Defendant County of San Diego without prejudice. The Clerk of Court is instructed to terminate this action as to Defendant County of San Diego.

## ORDER TO SHOW CAUSE

Defendant GBDF Medical Director is the only named defendant in this action besides Defendant County of San Diego. Plaintiff's attempt to serve the GBDF Medical Director was unsuccessful. *See* Doc. No. 10.

1  "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint," provided the prisoner has supplied "the necessary information to help effectuate service . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990). If service cannot be accomplished due to a pro se plaintiff's "neglect" or "fault," including the plaintiff's failure to provide sufficient information to identify or locate the defendant, dismissal is appropriate. *See Walker v. Sumner*, 14 F.3d 1415, 1421-1422 (affirming dismissal of claims against an unserved defendant under Rule 4(m) where the prisoner had not shown that "he provided the marshal with sufficient information to serve [the defendant]").

Under the mailbox rule, Plaintiff filed this action on July 22, 2019. The time period to effectuate service under Rule 4(m) has expired. Accordingly, **IT IS HEREBY ORDERED** that within thirty (30) days from the date of this Order, Plaintiff must show cause why this action should not be dismissed without prejudice as to Defendant GBDF Medical Director for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The failure to respond to this order will result in this action being terminated as to Defendant GBDF Medical Director and the case being dismissed.

**IT IS SO ORDERED**.

DATE: December 17, 2019

_____
HON. MICHAEL M. ANELLO
United States District Judge